**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Pierog; Marci Pierog, ) | No. CV-10-01911-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| HSBC Bank USA, N.A.; Mortgage ) Electronic Registration Systems, Inc.; First ) American Title Insurance Company, ) | |
| Defendants. ) | |

The court has before it defendants HSBC Bank's ("HSBC") and First American Title Insurance Company's ("First American") motions to dismiss (docs. 5 & 8). Plaintiffs Thomas and Marci Pierog failed to respond.

In March 2007, plaintiffs apparently borrowed money from DHI Mortgage Company to purchase a home in Surprise, Arizona. They executed a promissory note secured by a deed of trust. The deed of trust identified Mortgage Electronic Registration Systems ("MERS") as the beneficiary and DHI Title as the trustee. In January 2010, MERS substituted First American as the trustee. First American immediately noticed a trustee's sale. MERS allegedly assigned its interests to HSBC on April 12, 2010. HSBC bought the home at the trustee's sale several weeks later.

In August 2010, plaintiffs filed this action in the Superior Court of Arizona in Maricopa County seeking to set aside the trustee's sale and prevent their eviction from the home. They allege that MERS did not have an interest in the note and was not a proper beneficiary under the deed of trust. On this basis, plaintiffs allege that the purported

assignment from MERS to HSBC and the trustee's sale were invalid. They also seek declaratory relief to determine First American's rights under the deed of trust.

HSBC removed this action with First American's consent. Plaintiffs have apparently not served MERS. HSBC and First American now move to dismiss. HSBC asserts that, contrary to plaintiffs' allegations, MERS can be a beneficiary under a deed of trust in Arizona. See Cervantes v. Countrywide Home Loans, Inc., No. CV-09-517-PHX-JAT, 2009 WL 3157160, at *10-11 (D. Ariz. Sept. 24, 2009) (discussing MERS and rejecting argument that it was a sham beneficiary). HSBC also points out that plaintiffs do not allege that they were making payments on the home loan. First American contends that it is entitled to dismissal because plaintiffs do not allege a breach of the trustee's obligations. See A.R.S. § 33-807(E) (providing for the dismissal of a trustee unless the action involves a breach of the trustee's obligations under the statute or the deed of trust). Because plaintiffs failed to respond to HSBC's and First American's motions to dismiss, we may grant them summarily. LRCiv 7.2(i) (permitting non-compliance with briefing requirements to be deemed consent to the granting of a motion). After review of the merits, we grant the motions to dismiss.

The only remaining defendant is MERS. Plaintiffs' time to serve MERS has not run. However, given their failure to comply with briefing requirements and their prospects for relief proceeding solely against MERS, we order plaintiffs to state their intent to serve MERS.

Accordingly, **IT IS ORDERED GRANTING** HSBC Bank's and First American Title Insurance Company's motions to dismiss (docs. 5 & 8).

**IT IS FURTHERED ORDERED** that, within 10 days of this Order, plaintiffs state their intent to serve Mortgage Electronic Registration Systems with the complaint. If they fail to do so, their complaint shall be dismissed.

DATED this 22nd day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -